**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANDREW HANDLON,

      Plaintiff,

      vs.                                   Civ. No. 24-1107 JMR/SCY

FRANCISCO JIMENEZ-LOPEZ;
ROMNAS TRUCKING, INC.; and
FEDEX GROUND,

      Defendants.

**<u>ORDER TO AMEND COMPLAINT</u>**

This matter comes before the Court sua sponte, following its review of the Complaint, filed on October 29, 2024. Doc. 1. Plaintiff filed this action to federal court citing diversity jurisdiction. *Id.* ¶ 5. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the complaint fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Here, the allegations in the complaint are insufficient in two respects to establish diversity of citizenship.

First, the complaint alleges that "Plaintiff Andrew Handlon is a resident of Torrance County, New Mexico." Doc. 1 ¶ 1. However, residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship,[1] an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

Second, the complaint alleges that "[u]pon information and belief, Defendant Romnas Trucking, Inc. is a corporation domiciled in California," and that "[u]pon information and belief, Defendant FedEx Group Package System, Inc. is a corporation domiciled in Pennsylvania." Doc. 1 ¶¶ 3-4. These allegations are insufficient as a corporation is deemed to be a citizen of the state

---

[1] Indeed, Plaintiff has not yet filed a disclosure statement regarding his citizenship as required by Rule 7.1. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction.").

in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C.
§ 1332(c).

**IT IS THEREFORE ORDERED** that Plaintiff amend his complaint to properly allege
facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the
dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than November 15, 2024.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by
November 14, 2024, the Court may dismiss this action without prejudice.


_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE